# Supreme Court of Florida

_____

No. SC20-850

_____

**IN RE: AMENDMENTS TO THE RULES OF THE SUPREME COURT RELATING TO ADMISSIONS TO THE BAR—RULES 2-13.1 AND 3-11.**

November 25, 2020

PER CURIAM.

This matter is before the Court on the petition of the Florida Board of Bar Examiners (Board) proposing amendments to the Rules of the Supreme Court Relating to Admissions to the Bar (Bar Admission Rules).[1]

The Board proposes amending Bar Admission Rules 2-13.1 (Disbarred or Resigned Pending Disciplinary Proceedings) and 3-11 (Disqualifying Conduct). The Board did not publish its proposal for comment prior to filing it with the Court. After the Board filed its proposal, the Court published it for comment. One comment was received; Disability Rights Florida and Disability Independence Group, Inc. jointly filed a comment regarding the proposed amendments to Bar Admission Rule 3-11. The Board filed a response to the comment.

---

1. We have jurisdiction. *See* art. V, § 15, Fla. Const.

Having considered the proposed amendments, the comment filed, and the Board's response, we adopt the amendments to Bar Admission Rules 2-13.1 and 3-11 as proposed by the Board. The amendments to Bar Admission Rule 2-13.1 delete obsolete language pertaining to disciplinary resignation, which is no longer recognized under the Rules Regulating the Florida Bar. *See In re Amend. to Rules Reg. Fla. Bar*, 916 So. 2d 655 (Fla. 2005) (deleting rule 3-7.12 (Disciplinary Resignation from the Florida Bar) effective January 1, 2006). The amendments to Bar Admission Rule 3-11 replace outdated terminology in subdivisions (j) and (k) with the terms used in the current version of the Diagnostic and Statistical Manual of Mental Disorders (DSM-5) for mental and substance use disorders and clarify that the Board's investigative focus with respect to such disorders is on whether the disorder "may impair the ability to practice law."

Accordingly, the Bar Admission Rules are hereby amended as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The amendments shall become effective immediately upon the release of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Rules of the Supreme Court of Florida Relating to Admissions to the Florida Bar

Jane A. Rose, Chair, Michele A. Gavagni, Executive Director, and James T. Almon, General Counsel, Florida Board of Bar Examiners, Tallahassee, Florida,

 for Petitioner

Matthew W. Dietz of Disability Rights Florida and Disability Independence Group, Inc., Miami, Florida,

 Responding with comments

**Appendix**

**2-13.1 Disbar~~ment~~red or Resigned Pending Disciplinary Proceedings**. A person who has been disbarred from the practice of law~~, or who has resigned pending disciplinary proceedings and whose resignation from practice has been accepted by the Supreme Court of Florida,~~ in proceedings based on conduct that occurred in Florida for the disbarment ~~or resignation,~~ will not be eligible to apply for readmission for a period of 5 years from the date of disbarment, ~~or 3 years from the date of resignation,~~ such other time as is set forth in any Florida rules of discipline, or longer period set for readmission by the Supreme Court of Florida. If the person's disbarment ~~or disciplinary resignation~~ is based on conduct that occurred in a foreign jurisdiction, then the person will not be eligible to apply for admission or readmission to The Florida Bar until the person is readmitted in the foreign jurisdiction in which the conduct that resulted in discipline occurred. Readmission must occur in the foreign jurisdiction in which the conduct occurred even if Florida imposed discipline prior to the imposition of discipline in the other jurisdiction and even if the person would otherwise be eligible for readmission under the terms of any Florida discipline.

**3-11 Disqualifying Conduct.** A record manifesting a lack of honesty, trustworthiness, diligence, or reliability of an applicant or registrant may constitute a basis for denial of admission. The revelation or discovery of any of the following may be cause for further inquiry before the board recommends whether the applicant or registrant possesses the character and fitness to practice law:

(a)-(i)    [NO CHANGE]

(j)    evidence of ~~mental or emotional instability~~<u>a mental disorder that may impair the ability to practice law</u>;

(k)    evidence of ~~drug or alcohol dependency~~<u>a substance use disorder that may impair the ability to practice law</u>;

(l)-(n)    [NO CHANGE]